UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARVIN OCHOA MALDONADO, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-25-1379-J |
| | ) |
| KRISTI NOEM, et al., | ) |
| | ) |
| Respondents. | ) |

### ORDER

Petitioner Marvin Ochoa Maldonado, a noncitizen from Guatemala, filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. [Doc. No. 1]. The matter was referred to United States Magistrate Judge Shon T. Erwin consistent with 28 U.S.C. § 636(b)(1)(B),(C). Judge Erwin issued a Report and Recommendation recommending that the Court: (1) grant Petitioner's habeas petition, in part, and (2) order Respondents to bring Petitioner before an immigration judge for a bond hearing under 8 U.S.C. § 1226(a) within seven business days or otherwise release him if he has not received a lawful bond hearing within that period. *See* [Doc. No. 10]. Respondents filed a timely objection [Doc. No. 11], triggering de novo review, *see Quint v. Vail Resorts, Inc.*, 89 F.4th 803, 808 (10th Cir. 2023), and Petitioner has filed a response.

Respondents object to Judge Erwin's conclusion that 8 U.S.C. § 1226(a) applies to Petitioner's detention and not 8 U.S.C. § 1225(b)(2)(a), as asserted by Respondents. This issue is significant because § 1225(b)(2)(A) provides for mandatory detention, but § 1226(a) provides for conditional parole or release on bond pending a decision in the removal proceedings. Respondents contend that Petitioner is properly detained pursuant to § 1225(b)(2)(A), which provides:

> Subject to subparagraphs (B) and (C), in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond

> a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title.

8 U.S.C. § 1225(b)(2)(A).  Respondents assert this provision applies to Petitioner because he is plainly an "applicant for admission," which is defined as "[a]n alien present in the United States who has not been admitted or who arrives in the United States." 8 U.S.C. § 1225(a)(1).  Petitioner, on the other hand, contends that the detention determination should be made pursuant to § 1226(a), which provides:

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States.  Except as provided in subsection (c) and pending such decision, the Attorney General –
>    (1) may continue to detain the arrested alien; and
>    (2) may release the alien on –
>        (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
>        (B) conditional parole . . . .

8 U.S.C. § 1226(a).  Petitioner asserts § 1225(b)(2)(A) does not apply to those who have resided in the United States for many years and are not arriving or recently arrived to the United States and § 1226(a) applies to aliens who have been unlawfully living in the United States.

The Seventh Circuit recently considered this issue in a "preliminary" posture in *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048 (7th Cir. Dec. 11, 2025).  The Court finds the Seventh Circuit's analysis persuasive.  In *Castañon-Nava*, the Seventh Circuit denied the government's request to stay orders of the district court, finding that the government's argument that certain individuals were properly detained under § 1225(b)(2)(A) was likely to fail on the merits:

> That's because § 1225(a)(1) defines an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States." 8 U.S.C. § 1225(a)(1). And while a noncitizen arrested in the Midwest might qualify as "an alien

2

> present in the United States who had not been admitted," § 1225(a)(1), the mandatory detention provision upon which Defendants rely, limits its scope to an "applicant for admission" who is "seeking admission," § 1225(b)(2)(A). Put another way, "U.S. immigration law authorizes the Government to detain certain aliens *seeking admission* into the country under §§ 1225(b)(1) and (b)(2). It also authorized the Government to detain certain aliens *already in the country* pending the outcome of removal proceedings under §§ 1226(a) and (c)."

*Id.* at 1061 (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018)). Petitioner, who has been residing in the United States since approximately 2006 and was already in the country when he was apprehended, falls outside the scope of § 1225(b)(2)(A) because he is also not an "alien seeking admission."

Respondents dispute this analysis, contending that an alien who is an "applicant for admission" is "seeking admission." The Seventh Circuit addressed this issue as well:

> [A]dmittedly, this argument has some superficial appeal. After all, a person does not apply for something they are not seeking. Moreover, § 1225(a)(3), which Defendants point to, refers to noncitizens "who are applicants for admission or *otherwise* seeking admission," 8 U.S.C. § 1225(a)(3) (emphasis added), suggesting that "applicants for admission" are those "seeking admission." But it is Congress's prerogative to define a term however it wishes, and it has chosen to limit the definition of an "applicant for admission" to "an alien present in the United States who has not been admitted or who arrives in the United States." 8 U.S.C. § 1225(a)(1). It could easily have included noncitizens who are "seeking admission" within the definition but elected not to do so.
> What is more, Defendants' construction would render § 1225(b)(2)(A)'s use of the phrase "seeking admission" superfluous, violating one of the cardinal rules of statutory construction.

*Id.* *See also Colin v. Holt*, No. CIV-25-1189-D, 2025 WL 3645176, at *4 (W.D. Okla. Dec. 16, 2025); *Medina-Herrera v. Noem*, No. CIV-25-1203-J, 2025 WL 3460946, at *3 (W.D. Okla. Dec. 2, 2025); *Corona Diaz v. Olson*, No. 25 CV 12141, 2025 WL 3022170, at *4 (N.D. Ill. Oct. 29, 2025).

While another Court in this district has held otherwise on this issue, *see Montoya v. Holt*, No. CIV-25-01231-JD, 2025 WL 3733302, at *7-9 (W.D. Okla. Dec. 26, 2025), the weight of authority in this district and other district courts in Oklahoma coincides with the Seventh Circuit's analysis. *See Ramirez Rojas v. Noem*, CIV-25-1236-HE, 2026 WL 94641, at *1-2 (W.D. Okla. Jan. 13, 2026); *Morocho v. Kelly*, CIV-25-1247-R, 2026 WL 36452, at *3 (W.D. Okla. Jan. 6, 2026); *Cruz-Hernandez v. Noem*, No. CIV-25-1378-D, 2026 WL 18932, at *2-3 (W.D. Okla. Jan. 2, 2026); *Colin*, 2025 WL 3645176, at *2-5; *Leonardo G.Z. v. Noem*, No. 25-CV-0600-SHE-MTS, 2025 WL 3755590, at *8-11 (N.D. Okla. Dec. 29, 2025). This Court agrees with the Seventh Circuit's reasoning, the majority of the other courts in this district, and this Court's prior rulings that "based on § 1225(b)(2)(A)'s plain language, the Court concludes that the section only applies when a noncitizen 'applicant for admission' is actively 'seeking admission' into the United States." *Diaz*, 2025 WL 3296310, at *3. Accordingly, because Petitioner has been unlawfully living in the United States for many years without seeking admission, § 1225(b)(2)(A) does not apply, and § 1226(a), instead, controls Petitioner's detention.

Noncitizens detained under § 1226(a) are generally entitled to a prompt bond hearing before an immigration judge. *See Hernandez*, 2025 WL 2996643, at *8 (finding similarly situated noncitizen entitled to a bond hearing under § 1226(a)). Here, Petitioner has not received a bond hearing and Respondents raise no objection challenging their obligation to provide bond hearings for noncitizens under § 1226(a). Therefore, the Court finds that Petitioner is entitled to a bond hearing, and Respondents' failure to provide one violates § 1226(a) of the INA.

For the reasons discussed above, the Court ADOPTS the Report and Recommendation [Doc. No. 10] on de novo review and GRANTS Petitioner's Petition to the extent it alleges Petitioner's lack of bond hearing violates federal law. Accordingly, the Court ORDERS

Respondents to provide Petitioner with a prompt bond hearing under 8 U.S.C. § 1226(a) or otherwise release Petitioner.[1]

A separate judgment will enter.

IT IS SO ORDERED this 21st day of January, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE

---

[1] The Report and Recommendation also recommends that Respondents be ordered to certify compliance by filing a status report within ten business days of the Court's order. *See* Report and Recommendation at 16. The Court finds this unnecessary.